UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARL DOZIER, | ) | 1:08-cv-01773-SMS |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING ENTIRE** |
| | ) | **ACTION WITHOUT PREJUDICE FOR** |
| vs. | ) | **PLAINTIFF'S FAILURE TO FILE** |
| | ) | **AN OPENING BRIEF, FAILURE TO** |
| MICHAEL J. ASTRUE, | ) | **PROSECUTE, AND FAILURE TO** |
| Commissioner of Social | ) | **FOLLOW COURT ORDER(S)** |
| Security, | ) | (Doc. 17) |
| | ) | |
| Defendant. | ) | **ORDER DIRECTING CLERK** |
| | ) | **TO CLOSE ENTIRE ACTION** |

   Plaintiff is proceeding pro se and in forma pauperis in this action seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's application for benefits.  The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), to conduct all further proceedings in this case, including entry of final judgment (Docs. 9 & 10).

1

I.   Procedural History

On November 13, 2008, plaintiff, by and through legal counsel, filed the complaint (Doc. 2). On November 19, 2008, the Scheduling Order directed plaintiff to file his opening brief ninety-five (95) days after defendant lodged the administrative record, which serves as defendant's answer (Doc. 6). On March 31, 2009, defendant filed or rather lodged the administrative record (Doc. 12). However, on July 22, 2009, plaintiff's legal counsel, Laura Krank, filed a request for approval of substitution of attorney (Doc. 13). On July 27, 2009, the Court declined the request for failure to comply with Local Rule 83-182(d) (Doc. 14). On August 19, 2009, Ms. Krank filed the appropriate motion to withdraw as attorney of record for plaintiff (Doc. 15). On September 21, 2009, the Court granted counsel's motion to withdraw and granted pro se plaintiff until November 10, 2009, by which to file his opening brief (Doc. 17). Further, on October 6, 2009, the Court issued an Informational Order for Pro Se Litigants detailing, among other things, the deadline for filing the opening brief (Doc. 18). To date, pro se plaintiff has not filed an opening brief or otherwise contacted the Court (with any request for a further extension of time or explanation for the delay), has failed to prosecute this action, and has failed to comply with order(s) of the Court.

The following is the entire court docket and entries depicting the history of this case:

| Date Filed | # | Docket Text |
|---|---|---|
| 11/13/2008 | 1 | CIVIL COVER SHEET by Earl Dozier (Krank, Laura) (Entered: 11/13/08) |
| 11/13/2008 | 2 | SOCIAL SECURITY COMPLAINT against Commissioner of Social Security |

|  |  |  |
|---|---|---|
|  |  | by Earl Dozier. Attorney Krank, Laura added. (Attachments: # 1 Summons, # 2 Certification) (Krank, Laura) (Entered: 11/13/2008) |
| 11/13/2008 | 3 | MOTION to PROCEED IN FORMA PAUPERIS by Earl Dozier. (Krank, Laura) (Entered: 11/13/2008) |
| 11/13/2008 |  | APPLICATION TO PROCEED IFP filed - Action Required. (Arellano, S.) (Entered: 11/13/2008) |
| 11/29/2008 | 4 | ORDER Granting 3 Motion to Proceed In Forma Pauperis signed by Magistrate Judge Sandra M. Snyder on 11/17/2008. The Clerk is DIRECTED to file the Complaint and further ORDERED to issue Summons and the U.S. Marshal to serve process as directed by the plaintiff. (Arellano, S.) (Entered: 11/19/2008) |
| 11/19/2008 | 5 | SUMMONS ISSUED as to *Commissioner of Social Security* with answer to complaint due within *60* days. Attorney *Laura Eve Krank* * Law Offices of Rohlfing* *211 East Ocean Blvd., Ste. 420* *Long Beach, CA 90802*. (Arellano, S.) (Entered: 11/19/2008) |
| 11/19/2008 | 6 | SCHEDULING ORDER in SOCIAL SECURITY APPEAL; Consent Deadline set for 2/20/2009 (Attachments: # 1 Consent Forms, # 2 USM 285 Form and Instructions) (Arellano, S.) (Entered: 11/19/2008) |
| 11/20/2008 | 7 | NOTICE TO PLAINTIFF'S COUNSEL (Text Only Entry): In compliance with the FRCP and the Local Rules, specifically, Local Rule 8-206(a)(2) generally states that social security complaints shall contain the last four digits of plaintiffs social security number only. See Complaint, Page -1-, line 21. (Robles, F.) (Entered: 11/20/2008) |
| 11/26/2008 | 8 | SUMMONS RETURNED EXECUTED by Earl Dozier. Commissioner of Social Security served on 11/24/2008, answer due 12/15/2008. (Attachments: # 1 Proof of Service) (Krank, Laura) (Entered: 11/26/2008) |
| 11/26/2008 | 9 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Earl Dozier. (Krank, Laura) (Entered: 11/26/2008) |
| 12/02/2008 | 10 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Commissioner of Social Security. Attorney Forslund, Jacqueline Anna added. (Forslund, Jacqueline) (Entered: 12/02/2008) |
| 12/08/2008 | 11 | CONSENT ORDER REASSIGNING CASE for all purposes to Magistrate Judge Sandra M. Snyder signed by District Judge Lawrence J. O'Neill on 12/4/2008. New Case no. 1:08-cv-1773-SMs. (Lundstrom, T) (Entered: 11/26/2008) |
| 03/31/2009 | 12 | NOTICE OF LODGING SOCIAL SECURITY ADMINISTRATIVE TRANSCRIPT by Commissioner of Social Security. (Forslund, Jacqueline) (Entered: 03/31/2009) |
| 03/31/2009 |  | ACKNOWLEDGEMENT OF RECEIPT of Social Security Administrative Records, pursuant to docket entry 12., dated 03/31/09. (TEXT ENTRY ONLY) (Martin, S) (Entered: 03/31/2009) |
| 07/22/2009 | 13 | REQUEST for *Approval of Substitution of Attorney* by Earl Dozier. (Attachments: # 1 Proposed Order)(Krank, Laura) (Entered: 07/22/2009) |

| | | |
|---|---|---|
| 07/27/2009 | 14 | MINUTE ORDER (Text Only Entry): Plaintiff's/Counsel's Request for Approval of Substitution of Attorney 13 is DECLINED for failure to comply with Local Rule 83-182(d). An attorney may not withdraw leaving the client in propria persona without leave of Court upon noticed motion (date must be cleared with the Court). The authority and duty of the attorney of record shall continue until relieved by order of the Court. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. SO ORDERED. Signed by Judge Sandra M. Snyder on 7/27/09. (Robles, F.) (Entered: 07/27/2009) |
| 08/19/2009 | 15 | MOTION to WITHDRAW as ATTORNEY by Earl Dozier. (Krank, Laura) (Entered: 08/19/2009) |
| 08/24/2009 | 16 | MINUTE ORDER (Text Only Entry): Plaintiff's Counsel's Motion to Withdraw as Attorney of Record 15 was filed without a hearing date, as required by Local Rule 78-230(b), and is therefore SET for hearing on 9/25/09 @ 9:30am before Judge Snyder (SMS). Any opposition is due e-filed by 9/8/09. Signed by Judge Sandra M. Snyder on 8/24/09. (Robles, F.) (Entered: 08/24/2009) |
| 09/21/2009 | 17 | ORDER VACATING Hearing on 15 Plaintiff's Counsel's Motion to Withdraw and Deeming Motion Submitted on the Papers; ORDER GRANTING 15 Plaintiff's Counsel's Motion to Withdraw as Attorney of Record; ORDER GRANTING an Extension of Time for the Filing of Plaintiff's Brief to No Later Than November 10, 2009; ORDER DIRECTING Clerk to update the Docket and to Serve This Order on Plaintiff Himself at the Address Specified in This Order, signed by Magistrate Judge Sandra M. Snyder on 9/21/2009. (Jessen, A) (Entered: 09/21/2009) |
| 08/17/2009 | | SERVICE BY MAIL: 17 Order served on Earl Dozier. (Jessen, A) (Entered: 09/21/2009) |
| 10/06/2009 | 18 | INFORMATIONAL ORDER for Pro Se Litigant signed by Magistrate Judge Sandra M. Snyder on 10/05/2009. (Flores, E) (Entered: 10/06/2009) |
| 10/06/2009 | | SERVICE BY MAIL: 18 Order served on Earl Dozier. (Flores, E) (Entered: 10/06/2009) |
| 10/26/2009 | 19 | DESIGNATION of COUNSEL FOR SERVICE. Added attorney Michael A. Cabotaje and Michael A. Cabotaje for Commissioner of Social Security, attorney Jacqueline Anna Forslund terminated. (Cabotaje, Michael) (Entered: 10/26/2009) |

II.  <u>Discussion</u>

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of

the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.

///

//

/

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to offer any explanation for the delay in proceeding to prosecute the case. The Court finds that under the circumstances of this case, plaintiff's delay is unreasonable.

The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a Court's warning to a party that failure to obey the Court's order may result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's informational order of October 6, 2009, page 10, lines 3-6, expressly warned plaintiff that failure to comply with the local rules, federal rules, or a court order, including that order, will be grounds for dismissal or other appropriate sanctions. Because plaintiff is proceeding pro se and in forma pauperis, the Court concludes

6

1  that monetary sanctions are not a viable alternative.  The
2  Court finds that under the circumstances of the present case,
3  there is no alternative to dismissal.
4  ////
5  ///
6  //
7  /
8      Accordingly, it is HEREBY ORDERED:
9      1.   That this action is DISMISSED, without prejudice, in
10 its entirety for plaintiff's failure to file an opening brief,
11 failure to prosecute, and failure to follow court orders.
12     2.   The Clerk CLOSE this action in its entirety.
13 **IT IS SO ORDERED.**

**Dated:   November 20, 2009            /s/ Sandra M. Snyder**
                                **UNITED STATES MAGISTRATE JUDGE**